**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-4110**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RAKIMB SHERIF DENNIS,

Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  N. Carlton Tilley, Jr., Chief District Judge.  (1:03-cr-00303-NCT)

---

Submitted:  August 30, 2006          Decided:  October 11, 2006

---

Before GREGORY, SHEDD, and DUNCAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

James Edward Quander, Jr., QUANDER & RUBAIN, P.A., Winston-Salem, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Greensboro, North Carolina; Paul Alexander Weinman, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

This appeal is before the court after our limited remand for resentencing under United States v. Booker, 543 U.S. 220 (2005). Rakimb Sherif Dennis appeals the 235-month sentence imposed on his conviction for conspiracy to distribute cocaine base (crack), in violation of 21 U.S.C. §§ 841(b)(1)(a), 846 (2000).[*] Dennis' counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there were no meritorious issues for appeal. Dennis has filed a pro se supplemental brief asserting that the sentencing court erred by enhancing his sentence based on his role in the offense, when this issue was not determined by the jury. We find that the district court properly applied the sentencing guidelines and that the sentence imposed was reasonable. We therefore affirm the sentence.

This court reviews the imposition of a sentence for reasonableness. United States v. Booker, 543 U.S. at 260-61; United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005). After Booker, courts must calculate the appropriate guideline

---

[*]Dennis was also convicted of carrying a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(I) (2000), and possession of a firearm by a person previously convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2000). His sentence for possession of a firearm by a convicted felon is 120 months concurrent to the sentence for the drug conspiracy and his sentence on the charge of carrying the firearm during a drug trafficking offense is 60 months, to run consecutive to the 235-month sentence on the conspiracy charge, for a total sentence of 295 months.

range, making any appropriate factual findings.  United States v. Davenport, 445 F.3d 366, 370 (4th Cir. 2006).  The court then should consider the resulting advisory guideline range in conjunction with the factors under 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006), and determine an appropriate sentence.  Davenport, 445 F.3d at 370.  If the sentence imposed is within the advisory guideline range, it will be presumed to be a reasonable sentence.  United States v. Green, 436 F.3d 449, 457 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006).

Dennis contends that his sentence is unlawful because the district court made findings that increased his sentence beyond what it would be based only on facts found by the jury.  While it is true that the district court made such factual findings, this does not result in an unlawful sentence, as long as the sentence does not exceed the limits of the statute of conviction.  Indeed, after Booker, the sentencing court is authorized to make factual findings in order to appropriately determine the defendant's advisory range under the guidelines.  See Davenport, 445 F.3d at 370.  These authorized factual findings would include a finding as to the defendant's role in the offense.  See U.S. Sentencing Guidelines Manual § 3B1.1(c) (2002).

Because the district court adequately explained the basis for its sentencing decision and considered both Dennis' arguments and the § 3553(a) factors with respect to Dennis and his conduct,

we find that the resulting 235-month sentence on the drug conspiracy charge was reasonable. See Green, 436 F.3d at 457; United States v. Montes-Pineda, 445 F.3d 375, 380 (4th Cir. 2006), petition for cert. filed, ____ U.S.L.W. ___ (U.S. July 21, 2006) (No. 06-5439).

As required by Anders, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm Dennis' sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED